Opinion filed January 13,
2011

 

                                                                       In The

                                                                              

  Eleventh
Court of Appeals

                                                                   __________

 

                                                         No. 11-09-00181-CR

                                                    __________

 

                                 JESSE
RAY STEWART, Appellant

 

                                                             V.

 

                                      STATE
OF TEXAS, Appellee



 

                                  On
Appeal from the County Court at Law

 

                                                           Brown
County, Texas

 

                                                    Trial
Court Cause No. 0700744 

 



 

                                            M
E M O R A N D U M    O P I N I O N

            The
jury convicted Jesse Ray Stewart of assault involving family violence, and the
trial court assessed his punishment at confinement in the Brown County Jail for
120 days.  We affirm.

In
his sole issue on appeal, appellant challenges only the factual sufficiency of
the evidence to support his conviction.  We note at
the outset of our analysis that the Texas Court of Criminal Appeals has now
held in Brooks v. State, 323 S.W.3d 893 (Tex. Crim. App. 2010), that
there is “no meaningful distinction between the Jackson v. Virginia[1]
legal-sufficiency standard and the Clewis[2] factual-sufficiency standard”; that the Jackson v.
Virginia standard is the “only standard that a reviewing court should apply
in determining whether the evidence is sufficient to support each element of a
criminal offense that the State is required to prove beyond a reasonable doubt”;
and that “[a]ll other cases to the contrary, including Clewis, are
overruled.”  Brooks, 323 S.W.3d at 895, 902, 912 (footnotes added).  Accordingly,
a challenge to the factual sufficiency of the evidence is no longer viable.  We
also note that appellant did not have the benefit of the opinion in Brooks when
this case was briefed.  We will review appellant’s factual sufficiency challenge
under the legal sufficiency standard set forth in Jackson v. Virginia.  Under
this standard, we must review all of the evidence in the light most favorable
to the verdict and determine whether any rational trier of fact could have
found the essential elements of the crime beyond a reasonable doubt.  Jackson v.
Virginia, 443
U.S. 307; Brooks, 323 S.W.3d at 899.  

            In
conducting a legal sufficiency review, we are required to defer to the jury’s
role as the sole judge of witness credibility and the weight their testimony is
to be afforded.   Brooks, 323 S.W.3d at 899.  Appellant
acknowledges that there is evidence supporting the jury’s verdict.  He summarizes
this evidence as follows:  

Officer
Trey Weatherman, an officer with the City of Brownwood Police Department, was
called as the State’s first witness.  He testified that on June 23, 2007 at
approximately 10:15 a.m. he was dispatched to a domestic disturbance in the
City of Brownwood.  As he arrived at the residence he saw Sylvia McClung step
out of the doorway and Appellant step out behind her.  Officer Weatherman
testified that Sylvia McClung turned around and Appellant shoved her in her
upper chest region knocking her to the ground.  He immediately exited his
patrol car and placed Appellant under arrest and placed him in the rear seat of
his patrol vehicle.  Officer Weatherman testified that Sylvia McClung was
crying and that he noticed an abrasion on her right forearm which he described
as “a good scratch”.  He agreed that it was “like a scrape”.  He stated that
the abrasion appeared to be fresh.

 

(Record
references omitted).  Appellant bases his evidentiary challenge on testimony
indicating that McClung, the alleged victim of the offense, denied suffering
any harm or pain as a result of appellant’s actions and that she provided an
alternate explanation for the scrape on her arm.  To the extent that McClung may have given contradictory testimony, it was within the jury’s province to
resolve any inconsistencies in the evidence.  We conclude that a rational jury
could have determined beyond a reasonable doubt that appellant committed an assault
involving family violence.  Appellant’s sole issue is overruled.

This
Court’s Ruling

             The
judgment of the trial court is affirmed.

            

                                                                                    

                                                                                    TERRY
McCALL

                                                                                    JUSTICE

 

January 13, 2011

Do not publish. 
See Tex. R. App. P.
47.2(b).

Panel consists of:  Wright, C.J.,

McCall, J., and Strange, J.









[1]Jackson v. Virginia, 443 U.S. 307 (1979).

 





[2]Clewis v. State,
922 S.W.2d 126 (Tex. Crim. App. 1996).